IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRYAN EUWER d/b/a EUWER & ASSOCIATES, *Plaintiff* | § § § § | |
| v. | § § | |
| THE CINCINNATI INSURANCE COMPANY and THE CINCINNATI CASUALTY COMPANY, *Defendants* | § § § § § | Cause No. 1:21-cv-372 |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

The Cincinnati Insurance Company and The Cincinnati Casualty Company, Defendants in the above-entitled action (hereinafter collectively "Cincinnati"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this case from the 419th Judicial District Court of Travis County, Texas, in which it is now pending, to the United States District Court for the Western District of Texas (Austin Division), and in support thereof state respectfully show this Court the following:

## I.
## STATEMENT OF FACTS

1.  On December 20, 2019, Plaintiffs McCarty Family Real Estate LLC and MTDMHL, Ltd. filed "Plaintiff's Original Petition, Requests for Disclosure and Requests for Production of Documents" in the 419th District Court of Travis County, Texas (Cause No. D-1-GN-19-008653) against Cincinnati's named insured, Sabre Commercial, Inc. ("Sabre"), Brian Euwer d/b/a Euwer & Associates ("Euwer"), and other defendants, alleging construction and design defects stemming from the construction of a medical office building (the "Balcones Pain Building") located at 5200 Davis Lane B in Austin, Texas 78749 (the "Original Lawsuit").

2.  In the Plaintiffs' Fourth Amended Petition, filed in the Original Lawsuit on

October 5, 2020, Plaintiffs seek damages against Euwer and the other defendants in excess of $1,000,000. Plaintiffs allege that Euwer, who was "acting in the course and scope of his employment with Euwer & Associates, owed Plaintiffs … a duty to design the exterior shell and core and of the Balcones Pain Building in accordance with the appropriate standard of care for a licensed architect in the state of Texas" and that Euwer breached that duty to Plaintiffs. *See* Plaintiffs' Fourth Amended Petition in the Original Lawsuit, Removal Document 3, ¶¶2.2, 7.2.

3. In the Plaintiffs' Fourth Amended Petition, Sabre is alleged to have been hired by Defendant Western Oaks to construct the Balcones Pain Building's exterior shell and to "construct the finish out for the Balcones Pain Building's surgical center, pharmacy, executive suites, and pain center." *See* Plaintiffs' Fourth Amended Petition in the Original Lawsuit, Removal Document 3, ¶4.2.

4. Cincinnati is providing a legal defense to its named insured, Sabre, in the Original Lawsuit subject to a reservation of rights, under two insurance commercial general liability policies issued by Cincinnati to Sabre, policy numbers EPP 034 74 31 and EPP 050 13 96 (collectively, the "Policy").

5. On November 19, 2020, another Defendant filed a Third-Party Petition against Cincinnati, however, those claims were dismissed on January 21, 2021. *See* Removal Documents 4 and 10.

6. On December 30, 2020, Euwer filed Defendant/Cross-Plaintiff Bryan Euwer's Original Cross-Claim Against Third-Party Defendants Cincinnati Insurance and Cincinnati Casualty in the Original Lawsuit seeking defense and indemnity as an additional insured under the Policy issued by Cincinnati to Sabre for the claims asserted against Defendant Euwer in the Lawsuit. *See* Removal Document 7.

7. In response to Euwer's Cross-Claim, Cincinnati filed its Opposed Motion to Sever Bryan Euwer's Causes of Action against The Cincinnati Insurance Company and The Cincinnati Casualty Company in the Original Lawsuit on January 14, 2021. *See* Removal Document 8.

8. After a hearing on March 31, 2021, the state district court granted Cincinnati's Motion to Sever and severed Euwer's cross claims against Cincinnati from the Original Lawsuit to Cause No. D-1-GN-21-001417. See Removal Documents 1 (Civil Docket Sheet) and 15 (Order Granting Third-Party Defendants The Cincinnati Insurance Company and The Cincinnati Casualty Company's Motion to Sever Defendant/Cross-Plaintiff Brian Euwer's Causes of Action, signed April 1, 2021).

9. Because of such severance, there are no longer any claims against Cincinnati in the Original Lawsuit and the only claims against Cincinnati are the cross claims of Euwer as alleged in his December 30, 2020 Cross Claim, which were severed into Cause No. D-1-GN-21-001417 ("Severed Lawsuit").

10. With respect to the Severed Lawsuit from which this Removal is made, Cause No. D-1-GN-21-001417, the parties have been realigned and are now Plaintiff Brian Euwer d/b/a Euwer & Associates ("Plaintiff Euwer") and Defendants The Cincinnati Insurance Company and The Cincinnati Casualty Company ("Cincinnati" or "Defendants").

## II.

## DIVERSITY JURISDICTION AND CITIZENSHIP

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1441(b) because the action could have been filed in this Court under 28 U.S.C. § 1332(a). This is a civil action in which there is complete diversity of citizenship between Plaintiff Euwer and

the two Defendants, and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

12. Upon information and belief, Plaintiff Euwer is an individual who is now, and was at the time of commencement of this action, a citizen and resident of Bayou Vista, Galveston County, Texas.

13. Defendant The Cincinnati Insurance Company is now, and was at the time of commencement of this action, a foreign corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio and is therefore a citizen of Ohio.

14. Defendant The Cincinnati Casualty Company is now, and was at the time of commencement of this action, a foreign corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio and is therefore a citizen of Ohio.

15. In the Original Lawsuit (Cause No. D-1-GN-19-008653), Plaintiffs seek damages against Euwer and the other Defendants *in excess of $1,000,000*. See Plaintiffs' Fourth Amended Petition in the Original Lawsuit (filed October 5, 2020), Removal Document 3, ¶2.2.

16. With regard to Plaintiff Euwer's claims against Cincinnati in the Severed Lawsuit now being removed, Euwer alleges in his December 30, 2020 Original Cross-Claim that he seeks "*monetary relief for potentially over $1,000,000*" from Cincinnati. In his Cross-Claim, Plaintiff Euwer seeks defense and indemnity as an additional insured under the Cincinnati Policy issued to Sabre, and seeks damages against Cincinnati for breach of contract, damages for unfair claims settlement practices under Texas Insurance Code §§541.060 (including trebled damages), statutory penalties under Chapter 542 of the Texas Insurance Code, and attorney's fees. See Removal Document 7, Defendant/Cross-Plaintiff Bryan Euwer's Original Cross-Claim Against

Third-Party Defendants Cincinnati Insurance and Cincinnati Casualty, Section III, ¶1 and Section VI.

17. The Cincinnati Insurance Company issued as new business a Commercial Package Policy, policy number EPP 034 74 31, to Sabre Commercial, Inc. ("Sabre") for the period September 8, 2015 to September 8, 2018. The Commercial General Liability portion of the Policy ("CGL Policy") carries a per-occurrence limit of $1,000,000, a general aggregate limit of $2,000,000, and a products-completed operations aggregate limit of $2,000,000. In addition, the Commercial Umbrella Liability portion of the Policy ("UL Policy") carries a per-occurrence limit and an aggregate limit of $5,000,000. See Removal Document 7, Defendant/Cross-Plaintiff Bryan Euwer's Original Cross-Claim Against Third-Party Defendants Cincinnati Insurance and Cincinnati Casualty, Section IV, §§1-3.

18. The Cincinnati Casualty Company issued a second Commercial Policy, policy number EPP 050 13 96, to Sabre for the period September 8, 2018 to September 8, 2021. The CGL Policy carries a per-occurrence limit of $1,000,000, a general aggregate limit of $2,000,000 and a products-completed operations aggregate limit of $2,000,000. In addition, the UL Policy carries a per-occurrence limit and an aggregate limit of $5,000,000. See Removal Document 7, Defendant/Cross-Plaintiff Bryan Euwer's Original Cross-Claim Against Third-Party Defendants Cincinnati Insurance and Cincinnati Casualty, Section IV, §§1-3.

19. Based on Plaintiff Euwer's allegations in this Lawsuit, the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

## III.
## TIMLINESS AND CONSENT TO REMOVAL

20. On December 30, 2020, Euwer filed his Original Cross-Claim against Cincinnati and served Cincinnati with same on December 30, 2020. *See* Removal Document 7.

21. The district court signed the "Order Granting Third-Party Defendants The Cincinnati Insurance Company and The Cincinnati Casualty Company's Motion to Sever Defendant/Cross-Plaintiff Brian Euwer's Causes of Action" on April 1, 2021. *See* Removal Document 15. The district court initiated the new severed action, Cause No. D-1-GN-21-001417, on April 1, 2021. *See* Removal Doc. 1.

22. Cincinnati timely filed this Notice of Removal within thirty days after receipt by Cincinnati of papers (the April 1, 2021 Order) from which Cincinnati ascertained that this case had become removable. 28 U.S.C. §1446(b)(3).

23. This Notice of Removal has been filed less than one year after the commencement of Euwer's state court action against Cincinnati (on December 30, 2020), and is therefore timely pursuant to 28 U.S.C. §1446(c)(1). See Removal Documents 7 and 15.

24. Both The Cincinnati Insurance Company and The Cincinnati Casualty Company join in and consent to the removal of this action.

## IV.
## VENUE

25. Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Travis County, Texas, the place where the removed action has been pending.

## V.
## ATTACHED DOCUMENTS

26. Pursuant to 28 U.S.C. §1446(a), Defendants attach to this Notice of Removal an index of documents (and the documents listed thereon), a copy of the State District Court's docket sheet, a copy of all process, pleadings and orders served upon Defendants in the State court action, and a separately signed Certificate of Interested Persons. Defendants have also filed a civil cover sheet, a supplemental cover sheet, and a Corporate Disclosure Statement in

accordance with Fed. R. Civ. P. 7.1, contemporaneously with the filing of this Notice of Removal. Defendants have also contemporaneously filed a copy of this Notice of Removal with the Clerk of the State Court in which the action has been pending, pursuant to 28 U.S.C. §1446(d).

## VI.
## JURY DEMAND

27. Plaintiff Euwer did not demand a trial by jury with respect to his cross claims alleged against Cincinnati. See Removal Document 7.

## VII.
## CONCLUSION

Based upon the foregoing and the documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendants hereby remove the above-styled cause from the 419th Judicial District Court of Travis County, Texas to this, the United States District Court for the Western District of Texas, Austin Division, for trial and determination.

Respectfully submitted,

By: */s/ George L. Lankford*
**George L. Lankford**
Texas State Bar No. 11934800
glankford@fhmbk.com
**Fanning Harper Martinson**
**Brandt & Kutchin, P.C.**
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (fax)

**ATTORNEY FOR DEFENDANTS THE CINCINNATI INSURANCE COMPANY AND THE CINCINNATI CASAULTY COMPANY**

## **CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(c), the undersigned certifies that on the 29th day of April, 2021, a true and correct copy of the above and forgoing document was served upon all counsel of record through the CM/ECF system.

*/s/ George L. Lankford*
**George L. Lankford**